UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN KELSICK WILSON,

Petitioner,

v. Case No. 8:26-cv-3117-JLB-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
______________________________________/

**ORDER OF DISMISSAL**

Mr. Wilson, a Florida prisoner, filed a petition for a writ of habeas corpus (Doc. 1) challenging his convictions in 2005 for RICO violations and multiple counts of trafficking in illegal drugs entered in Hillsborough County, Florida, in Case No. 03-CF-8814. The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal.

Because the petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it is governed by its provisions. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal

courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Mr. Wilson previously sought federal habeas relief in this Court regarding the convictions he challenges here. *See Wilson v. Secretary, Department of Corrections*, Case No. 8:11-cv-389-MSS-T_W (M.D. Fla.) (petition denied on September 30, 2014). The instant petition, therefore, is a second or successive petition. Mr. Wilson, however, has not shown that he has received authorization from the court of appeals to file a second or successive habeas petition. Consequently, this Court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam) (holding that when a petitioner does not obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition).

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2. The Clerk is **DIRECTED** to send the Eleventh Circuit's form for second

or successive habeas corpus petitions under 28 U.S.C. § 2244(b) to Mr. Wilson with his copy of this Order, terminate any pending motions, and close the case.[1]

**DONE and ORDERED in Tampa, Florida, on October 19, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

[1] Generally, a petitioner cannot appeal an order denying relief under section 2254 unless a certificate of appealability ("COA") issues. But a COA cannot issue here because the Court cannot entertain the second or successive petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).